JONATHAN S. O'DONNELL (State Bar No. 100051)
jon@mbvlaw.com
PETE RYAN (State Bar No. 134291)
peter@mbvlaw.com
MBV LAW LLP
855 Front Street
San Francisco, California 94111
Telephone: (415) 781-4400
Facsimile: (415) 989-5143

Attorneys for Plaintiff CONCRETE POLISHING
 TECHNOLOGIES, INC. dba PERFECT
POLISH, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of CONCRETE POLISHING TECH-NOLOGIES, INC. dba PERFECT POLISH, INC. and CONCRETE POLISHING TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA; CONTINENTAL CASUALTY COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; DICK/MORGANTI, a joint venture; DICK CORPORATION, a Pennsylvania corporation; THE MORGANTI GROUP, INC., a Connecticut corporation; DICK/MORGANTI/NIBBI, a joint venture; and NIBBI BROS. INC., a California corporation, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT, AND ON COMMON COUNTS** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs UNITED STATES OF AMERICA, for the use of CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC., and CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC. ("PERFECT POLISH"), avers as follows:

1

**COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT,
AND ON COMMON COUNTS; DEMAND FOR JURY TRIAL**

91296.01\\382345.DOC

**JURISDICTIONAL AVERMENTS**

1. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 40 U.S.C. Sections 3131 and 3133, more commonly known as the "Miller Act," which require such actions to be brought in United States District Court. This Court has subject matter jurisdiction over the State law claims averred herein under the doctrine of pendent jurisdiction.

2. Venue is proper in this Court pursuant to the provisions of 40 U.S.C. Section 3133(b)(3)(B), in that the contract which is the subject of this action was performed within and executed within this judicial district.

3. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this action should be assigned to the San Francisco Division because the City and County of San Francisco is where a substantial part of the events and/or omissions that give rise to plaintiff's claims occurred, and it is where the property that is the subject of this action is situated.

**GENERAL AVERMENTS**

4. PERFECT POLISH incorporates by reference the averments of paragraphs 1 through 3 above.

5. PERFECT POLISH is a corporation organized and existing under and by virtue of the laws of the State of Tennessee and is authorized to do business and doing business in the State of California.

6. PERFECT POLISH is informed and believes, and therefore avers, that defendant DICK/MORGANTI, also known as Dick/Morganti/Nibbi, is and was at all relevant times a joint venture organized and existing under the laws of the State of California, and is and was authorized to do business and doing business in the State of California.

7. PERFECT POLISH is informed and believes, and thereon avers, that defendant DICK CORPORATION is a corporation organized and existing under the laws of the State of Pennsylvania, and is and was authorized to do business and doing business in the State of California.

8. PERFECT POLISH is informed and believes, and thereon avers, that defendant

THE MORGANTI GROUP, INC. is a corporation organized and existing under the laws of the State of Connecticut, and is and was authorized to do business and doing business in the State of California.

9.   PERFECT POLISH is informed and believes, and therefore avers, that at all relevant times defendant AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA ("AMERICAN") is and was an insurance company organized and incorporated under the laws of the State of Pennsylvania, and is and was authorized to write, and is and was writing, surety bonds in the State of California.

10.   PERFECT POLISH is informed and believes, and therefore avers, that at all relevant times defendant CONTINENTAL CASUALTY COMPANY ("CONTINENTAL") is and was an insurance company organized and incorporated under the laws of the State of Illinois, and is and was authorized to write, and is and was writing, surety bonds in the State of California.

11.   PERFECT POLISH is informed and believes, and therefore avers, that at all relevant times defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("NATIONAL") is and was an insurance company organized and incorporated under the laws of the State of Pennsylvania, and is and was authorized to write, and is and was writing, surety bonds in the State of California.

12.   PERFECT POLISH is informed and believes, and thereon avers, that defendant DICK/MORGANTI/NIBBI is a joint venture organized and existing under the laws of the State of California, and is and was authorized to do business and doing business in the State of California.

13.   PERFECT POLISH is informed and believes, and thereon avers, that defendant NIBBI BROS. INC. is a corporation organized and existing under the laws of the State of California, and is and was authorized to do business and doing business in the State of California.

14.   PERFECT POLISH is informed and believes, and therefore avers, that on or about May 6, 2002, the UNITED STATES OF AMERICA and DICK/MORGANTI, as prime contractor, entered into a written contract designated as GSA Contract No. 65-09P-02-KTC-0002 (the "Prime Contract") for the construction of the GSA Federal Building Project located in San Fran-

3

**COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT, AND ON COMMON COUNTS; DEMAND FOR JURY TRIAL**

91296.01\\382345.DOC

cisco, California (the "Project").

15. On or about August 13, 2002, DICK/MORGANTI purchased a bond in compliance with 40 U.S.C. Sections 3131, *et seq.*, naming DICK/MORGANTI/NIBBI as the principal, and AMERICAN as the surety, for the benefit of DICK/MORGANTI's subcontractors, including PERFECT POLISH. A true and correct copy of the AMERICAN payment bond is attached hereto as Exhibit A.

16. On or about August 13, 2002, DICK/MORGANTI purchased a bond in compliance with 40 U.S.C. Sections 3131, *et seq.*, naming DICK/MORGANTI/NIBBI as the principal, and NATIONAL as the surety, for the benefit of DICK/MORGANTI's subcontractors, including PERFECT POLISH. A true and correct copy of the NATIONAL payment bond is attached hereto as Exhibit A.

17. On or about March 6, 2003, DICK/MORGANTI purchased a rider from AMERICAN, NATIONAL and CONTINENTAL (the "Rider") increasing the penal sum of the Miller Act payment bonds from $3,600,000 to $137,426,918. A true and correct copy of the Rider is attached hereto as Exhibit B.

18. On or about May 6, 2005, DICK/MORGANTI entered into a written subcontract (the "Subcontract") with PERFECT POLISH whereby PERFECT POLISH agreed to provide the labor, material and services described in the Subcontract which generally consisted of performing certain sections of the specifications described in the Prime Contract involved in doing the polished concrete for cost-in-place concrete surfaces. Pursuant to the Subcontract, PERFECT POLISH supplied all the labor and materials to the Project required by the Subcontract. A true and correct copy of the Subcontract is attached hereto as Exhibit C.

### FIRST CLAIM FOR RELIEF

**(Claim on Payment Bonds)**

19. PERFECT POLISH incorporates the averments of paragraphs 1 through 18 above.

20. A period of more than ninety (90) days and less than one year has elapsed since the last day upon which PERFECT POLISH performed labor and furnished supplies and materials to the Project pursuant to the Subcontract.

4

**COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT, AND ON COMMON COUNTS; DEMAND FOR JURY TRIAL**

91296.01\\382345.DOC

21.     Pursuant to the Subcontract, PERFECT POLISH performed all labor and furnished all supplies and materials and performed each and every obligation, covenant and promise, or the performance of such covenants, promises and obligations have been waived or excused.  The Subcontract price for labor performed and materials and supplies furnished pursuant to the Subcontract, which is the reasonable value of the labor performed and materials and supplies furnished, was $776,697.  There is currently due, owing and unpaid by AMERICAN, NATIONAL and CONTINENTAL to PERFECT POLISH the sum of $260,188.37 by reason of the payment bonds and bond increase rider provided in connection with the Project by AMERICAN, NATIONAL and CONTINENTAL.

22.     The Subcontract provides for the payment of attorneys' fees in the event of litigation.  PERFECT POLISH has incurred and will continue to incur attorneys' fees in a sum, according to proof.

23.     California Civil Code Section 3287 provides for the payment of interest on sums such as those owed PERFECT POLISH and PERFECT POLISH is therefore entitled to interest on the sum of $260,188.87 at the highest rate provided by law from and after the date this amount became due, according to proof.

## SECOND CLAIM FOR RELIEF

**(Breach of Written Contract)**

24.     PERFECT POLISH incorporates the averments of paragraphs 1 through 23 above.

25.     DICK/MORGANTI, DICK and MORGANTI have breached the Subcontract by failing to pay PERFECT POLISH the remaining Subcontract price of $260,188.87.

26.     As a direct and proximate result of DICK/MORGANTI's, DICK's and MORGANTI's breach of the Subcontract, PERFECT POLISH has been damaged in the sum of $260,188.87, together with penalties and interest thereon at the highest rate provided by law from and after the date this amount became due, according to proof pursuant to applicable federal and/or state prompt payment statutes.

**27.**     PERFECT POLISH is entitled to attorneys' fees incurred herein pursuant to the Subcontract.

5

**COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT, AND ON COMMON COUNTS; DEMAND FOR JURY TRIAL**

91296.01\\382345.DOC

### THIRD CLAIM FOR RELIEF

### (Account Stated)

28. PERFECT POLISH incorporates the averments of paragraphs 1 through 27 above.

29. Within four years of filing this action a written account was stated by and between PERFECT POLISH and DICK/MORGANTI whereby it was agreed DICK/MORGANTI was indebted to PERFECT POLISH in the sum of $776,697.20 for services performed and materials provided by PERFECT POLISH to DICK/MORGANTI at DICK/MORGANTI's special insistence and request and for DICK/MORGANTI's use, benefit and enrichment for which DICK/MORGANTI agreed to pay such sum.

30. Although demands for payment have been made, DICK/MORGANTI has only paid PERFECT POLISH the sum of $516,508.33 and there is now due, owing and unpaid from DICK/MORGANTI to PERFECT POLISH the sum of $260,188.87 plus interest thereon at the highest rate provided by law from and after the date this amount became due, according to proof.

### FOURTH CLAIM FOR RELIEF

### (Services Rendered)

31. PERFECT POLISH incorporates the averments of paragraphs 1 through 30 above.

32. Within two years of filing this action DICK/MORGANTI became indebted to PERFECT POLISH in the sum of $776,697.20 for services rendered and material provided by PERFECT POLISH at DICK/MORGANTI's special insistence and request and for DICK/MORGANTI's benefit, use and enrichment for which DICK/MORGANTI agreed to pay said sum.

33. Although demands for payment have been made, DICK/MORGANTI has only paid PERFECT POLISH the sum of $516,508.33 and there is now due, owing and unpaid from DICK/MORGANTI to PERFECT POLISH the sum of $260,188.87 plus interest thereon at the highest rate provided by law from and after the date this amount became due, according to proof.

### FIFTH CLAIM FOR RELIEF

### (Open Book Account)

34. PERFECT POLISH incorporates the averments of paragraphs 1 through 33 above.

6

**COMPLAINT AGAINST PAYMENT BOND, FOR BREACH OF WRITTEN CONTRACT, AND ON COMMON COUNTS; DEMAND FOR JURY TRIAL**

91296.01\\382345.DOC

35. Within four years of filing this action DICK/MORGANTI became indebted to PERFECT POLISH on an open book account in the sum of $776,697.20 for services performed and materials provided by PERFECT POLISH to DICK/MORGANTI at DICK/MORGANTI's special insistence and request and for DICK/MORGANTI's use, benefit and enrichment for which DICK/MORGANTI agreed to pay such sum.

36. Although demands for payment have been made, DICK/MORGANTI has only paid PERFECT POLISH the sum of $516,508.33 and there is now due, owing and unpaid from DICK/MORGANTI to PERFECT POLISH the sum of $260,188.87 plus interest thereon at the highest rate provided by law from and after the date this amount became due, according to proof.

37. PERFECT POLISH is entitled to recover statutory attorneys' fees pursuant to Civil Code Section 1717.5

WHEREFORE, UNITED STATES OF AMERICA, for the use of CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC., prays for judgment against defendants, and each of them, as follows:

1. On the First Claim for Relief, for damages in the sum of $260,188.87 plus all applicable penalties and interest thereon at the highest rate provided by law from and after the date this amount became due, through the date of judgment, according to proof;

2. On the Second Claim for Relief, for damages in the sum of $260,188.87 plus all applicable penalties and interest thereon at the highest rate provided by law from and after the date this amount became due, through the date of judgment, according to proof;

3. On the Third, Fourth and Fifth Claims for Relief, for damages in the sum of $260,188.87;

4. For attorneys' fees;

5. For costs of suit; and

///

///

///

///

6. For such other and further relief as the Court deems just and proper.

Dated: December 4, 2007

                MBV LAW LLP


By    s/JONATHAN S. O'DONNELL
       JONATHAN S. O'DONNELL
Attorneys for Plaintiff CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC.

## DEMAND FOR JURY TRIAL

Plaintiff CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC. hereby demands trial by jury for all issues so triable in this action.

Dated: December 4, 2007.

                MBV LAW LLP


By    s/JONATHAN S. O'DONNELL
       JONATHAN S. O'DONNELL
Attorneys for Plaintiff CONCRETE POLISHING TECHNOLOGIES, INC. dba PERFECT POLISH, INC.